UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY MICHAEL PEHRINGER,<br><br>Defendant. | Case No. 1:16-cr-00185-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

    Before the Court is Zachary Michael Pehringer's letter requesting clarification about his term of supervised relief (Dkt. 39). The Court will construe Mr. Pehringer's letter as a motion to clarify. As a request for clarification, the motion is granted. However, to the extent he seeks more than clarification, Mr. Pehringer is not entitled to any relief at this time. In 2017, the Court sentenced Mr. Pehringer to twelve months and one day incarceration followed by three years of supervised release. *Judgment*, Dkt. 36. After serving his time in federal custody, Mr. Pehringer was transferred to state custody to serve a state sentence. *Motion*, Dkt. 39. Mr. Pehringer was released from state custody in January 2024 and began his term of federal supervision on that date. Upon learning that he still had to serve

**MEMORANDUM DECISION AND ORDER - 1**

this term of supervised released, Mr. Pehringer was surprised and upset because he believed he already served his term of supervised release within state custody. *Id.*

Not so. Mr. Pehringer's term of supervised release did not commence until his release from imprisonment as stated in the Judgment. *Judgment*, Dkt. 36. Although he was released from federal custody several years ago, he remained incarcerated while serving his state sentence. "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624. Accordingly, Mr. Pehringer is mistaken that his term of supervised release began to run once he was released from federal custody and transferred to state custody. His term of supervised release began upon his release from imprisonment in January 2024.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Clarify (Dkt. 39) is **GRANTED**. The Court provides the requested clarification in this decision, to make clear that the Defendant's term of supervised release did not begin until he was released from federal and state incarceration.

**MEMORANDUM DECISION AND ORDER - 2**

DATED: June 20, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3